UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

CASE NO.

"IN ADMIRALTY"

RANGER OFFSHORE MEXICO, S. DE R.L. DE C.V.,

        Plaintiff,

v.

GRUPO TRADECO, S.A. DE C.V.,

        Defendant.
_____/

**VERIFIED COMPLAINT IN ADMIRALTY**

Plaintiff RANGER OFFSHORE MEXICO, S. DE R.L. DE C.V., (hereinafter "RANGER") by its attorneys, K&L GATES LLP, as and for its Verified Complaint in Admiralty pursuant to Adm. Supp. Rule B, against the Defendant, GRUPO TRADECO, S.A. DE C.V. (hereinafter "GRUPO TRADECO"), alleges upon information and belief as follows:

JURISDICTION AND VENUE

1. This is an *in personam* admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Local Rule B.

2. The Court also has jurisdiction pursuant to 9 U.S.C. § 1, *et seq.*

THE PARTIES

3. Plaintiff RANGER OFFSHORE MEXICO, S. DE R.I. DE C.V. ("RANGER") is a Mexican corporation with its principal place of business in Ciudad del Carmen, Mexico.

MI-476505 v3

4.      Defendant GRUPO TRADECO, S.A. DE C.V. ("GRUPO TRADECO") is a Mexican corporation with its principal place of business in Mexico City, Mexico.

## FACTS

5.      RANGER and TRADECO INFRAESTRUCTURA, S.A. de C.V. ("TRADECO") entered into a BIMCO Time Charter Party for Offshore Service Vessels for the charter of the *M/V Lewek Toucan*[1] on January 31, 2014 (the "Charter Party Agreement"). A true and correct copy of the Charter Party Agreement is attached as "Exhibit A."

6.      TRADECO is wholly-owned subsidiary of GRUPO TRADECO.

7.      Under the Charter Party Agreement, TRADECO chartered from RANGER the *M/V Lewek Toucan* (the "Vessel").

8.      The hire period was for one hundred twenty (120) days, with delivery in Ingleside, Texas.

9.      The regular charter hire is 98,000 USD per day, excluding value-added tax.

10.     RANGER and GRUPO TRADECO entered into a BIMCO Charter Party Guarantee on May 27, 2014 (the "Guarantee"). A true and correct copy of the Guarantee is attached hereto as "Exhibit B."

11.     RANGER and TRADECO executed Amendment No. 1 to the Charter Party Agreement on June 13, 2014 (the "Amendment"). A true and correct copy of the Amendment is attached hereto as "Exhibit C."

12.     The Amendment memorialized the parties' agreement related to the temporary suspension of the charter that began on April 15, 2014.

---

[1] The vessel is a multipurpose offshore support vessel with dive support capabilities and totaling 88.4 meters in length.

2

13. The Amendment also acknowledged an outstanding balance under the Charter Party Agreement as totaling USD 5,948,558.15 for the period of the charter leading up to the temporary suspension that began on April 15, 2014.

14. The Amendment further provided that the Vessel would return from the temporary suspension between August 10, 2014 and September 7, 2014.

15. The suspension ended on August 14, 2014.

16. Under the Charter Party Agreement, as amended, the charter was to end on December 25, 2014.

17. The total sum of USD 19,958,319.04 in outstanding charter hire and related expenses is due and owning RANGER.

18. The Charter Party Agreement, and the Guarantee of the Charter Party Agreement, are maritime contracts (hereinafter the "maritime contracts").

AS FOR A CAUSE OF ACTION FOR
BREACH OF MARITIME CONTRACT

19. Pursuant to the terms and conditions of the Charter Party Agreement, TRADECO agreed to make regular payments to RANGER for charter hire and related expenses.

20. In addition to the charter hire, the parties agreed that TRADECO would reimburse or pay other enumerated costs expected to be incurred in connection with the charter.

21. The charter period began at Noon on Sunday, February 3, 2014.

22. RANGER timely delivered the Vessel.

23. TRADECO accepted delivery of the Vessel without taking exception.

24. TRADECO continually failed to timely pay RANGER for hire and other payments due for the charter of the Vessel.

25. TRADECO owes RANGER USD 19,958,319.04 in outstanding charter hire and related expenses such as Value-Added Tax and other costs as documented in the invoices attached as "Exhibit D".

26. Demand to GRUPO TRADECO pursuant to the Guarantee has been made and now GRUPO TRADECO is in default of the Guarantee.

27. RANGER and GRUPO TRADECO also agreed that any disputes arising under the Guarantee would be submitted to a court of competent jurisdiction in Houston, Texas.

28. TRADECO and GRUPO TRADECO breached the maritime contracts.

29. TRADECO and GRUPO TRADECO are both liable to RANGER for the principal debt of USD 19,958,319.04 under the maritime contracts.

30. RANGER seeks attachment against the assets of GRUPO TRADECO under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for its breach of the maritime contract.

## RELATED PROCEEDINGS

31. RANGER has initiated litigation against GRUPO TRADECO in Houston, Texas in the U.S. District Court for the Southern District of Texas as required by the Guarantee, but seeks this attachment to compel GRUPO TRADECO's appearance and to obtain security for RANGER's claims.

## AWARD

32. The allowable award for RANGER's principal claim against the defendants is:

**Principal claim**               19,958,319.04 USD

PRAYER FOR RELIEF

33. Notwithstanding the fact that the liability of GRUPO TRADECO is subject to a determination by a U.S. District Court for the Southern District of Texas and Houston, there are now, or will be during the pendency of this action, certain assets, accounts, freights, hire payments, monies, charter hire, credits, effects, payments for bunkers, goods or services, bills of lading, cargo, debts and the like belonging to or claimed by GRUPO TRADECO within this District and held by various parties, as garnishees.

34. Plaintiff has a good faith basis to believe that some of these assets, in bank accounts, are located in this District in the possession of garnishees Banco Espirito Santo, S.A., Novo Banco, S.A., and Espirito Santo Bank and possibly other banks or financial institutions located in Florida.

35. As supported by the accompanying declaration of Attorney Christina M. Paul, GRUPO TRADECO cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

36. Because this Verified Complaint sets forth an *in personam* maritime claim against GRUPO TRADECO and because GRUPO TRADECO cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and RANGER seeks the issuance of process of maritime attachment so that it may obtain security for its claims against GRUPO TRADECO and/or quasi in rem jurisdiction over the property of GRUPO TRADECO so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That GRUPO TRADECO will be summoned to appear and answer this Verified Complaint;

B. That GRUPO TRADECO not being found within this District, as supported by the Declaration of Christina M. Paul, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by GRUPO TRADECO within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B to pay RANGER's damages; and,

C. That RANGER has such other and further relief as this Court may determine to be just and proper under the circumstances.

Dated: March 11, 2015    Respectfully submitted,

 */s/  Christina M. Paul*
Christina M. Paul, Esq.
Florida Bar No. 596876
christina.paul@klgates.com
**K&L GATES LLP**
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 3900
Miami, FL  33131-2399
Telephone:    305-539-3300
Facsimile:    305-358-7095
*Attorneys for Plaintiff*
*Ranger Offshore Mexico, S. de R.L. de C.V.*

## VERIFICATION

Pursuant to 28 U.S.C. §1746, JAMES P. LAM, declares under penalty of perjury:

1. I have been the General Counsel of Ranger Offshore, Inc. since 2011.

2. In my role as General Counsel, I also oversee legal matters related to Ranger Offshore, Inc.'s fully-owned subsidiary Ranger Offshore Mexico, S. de R.L. de C.V. ("*Ranger*"), the Plaintiff in this matter.

3. I have read the foregoing Verified Complaint in Admiralty and know the contents thereof.

4. The matters contained therein are true and correct based on documents and information obtained from employees and representatives of Ranger.

I declare under penalty of perjury that the foregoing is true and correct.

_____
JAMES P. LAM

Place Executed:  Houston, TX
Date Executed:   March 11, 2015